Anthony J. Nunes (SBN 290224)
Nunes Worker Rights Law, APC
15260 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403
Telephone: 530-848-1515
Fax: 424-252-4301
tony@nunesworkerrightslaw.com

Attorneys for Plaintiff ANTONIO STOPANI, on behalf of himself and all others similarly situated

## UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO STOPANI, on behalf of himself and all others similarly situated,<br><br>          Plaintiff<br><br>          vs.<br><br>GUARDNOW, Inc., a California corporation, dba GUARDNOW, NOORULLAH KATOR, aka MIKE KATOR, and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Minimum Wage**<br>2. **Failure to Reimburse (Labor Code Section 2802)**<br>3. **Failure to Pay Overtime**<br>4. **Failure to Provide Meal Periods**<br>5. **Failure to Provide Rest Periods**<br>6. **Collective Action - Violation of the Fair Labor Standards Act ("FLSA," 29 U.S.C. 201, et seq.)**<br>7. **Violation of Labor Code Sections 201- 203**<br>8. **Failure to Provide Accurate Wage Statements**<br>9. **Unfair Business Practices (Bus. & Prac. Section 17200)**<br>10. **Violation of Labor Code Section 2699 (PAGA)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ANTONIO STOPANI ("Plaintiff") alleges, on behalf of himself and on behalf of all others similarly situated, causes of action against Defendants, each of them, as follows:

## I.

## <u>INTRODUCTION</u>

1.      This is an action brought on behalf of current and former security officers for GUARDNOW, INC. (hereinafter "Defendant" or "GUARDNOW"). Defendant operates a business offering security, protection, prevention services in California.

2.      Plaintiff Stopani is a former security officer for Defendant in Los Angeles, California.

3.      Plaintiff and other security officers were paid as exempt "independent contractors," and not as non-exempt, hourly employees, as required by law for Plaintiff and the class he seeks to represent.

4.      Defendant misclassified and continues to misclassify its security officers as independent contractors, when under California law, these workers must be classified as non-exempt, hourly workers.

5.      Defendant's security officers have no discretion or supervising authority while performing their duties for Defendant.  All of the security officers

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

who work for Defendant are required to comply with requirements and policies imposed on them by Defendant.

6.    Defendant implements, controls, and manages, all policies applied to security officer and all work performed by Defendant's security officers is fully integrated into Defendant's business.

7.    Defendant exercises full control over the policies and procedures for its security officers.  Defendant exercises full control over when, where, and for whom security officers work.

8.    Defendant's misclassification of its security officers as independent contractors is a violation of the California Labor Code as well as California Industrial Welfare Commission ("IWC") Wage Order No. 9-2001, as amended ("Wage Order No. 9") which include:

   a.    Failing to reimburse its security officers for employment-related expenses, including fuel, mileage, and insurance;

   b.    Failing to pay its security officers overtime compensation for hours worked in excess of 8 hours in one day and/or 40 hours in one week;

   c.    Failing to pay its security officers premium wages for missed meal periods;

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

d.      Failing to pay its security officers premium wages for missed rest periods;

e.      Failing to pay its security officers minimum wage as required by California law for every hour worked;

f.      Failing to maintain accurate employment records for its security officers in California;

g.      Failing to pay its security officers amounts owed at the end of employment; and

h.      Failing to pay its security officers accrued vacation.

9.      Plaintiff seeks unpaid wages and overtime, reimbursement for fuel and mileage, and related Labor Code violations, on behalf of himself and the proposed class and subclasses.

## II.

## PARTIES

### Plaintiff

10.     Plaintiff Stopani worked a security officer for Defendant from May 2016 to February 2017.

11.     Plaintiff and the class of persons on whose behalf this action is filed are current, former and/or future employees of Defendants who work as hourly employees and/or who were also misclassified as independent contractors.  At all

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

times mentioned herein, the currently named Plaintiff is and was a resident of California and was employed by Defendants as a security officer, within the four years prior to the filing of the complaint.

### **Defendants**

12.     Defendant GUARDNOW, INC., is a California corporation, regularly and systematically doing business in the County of Los Angeles, California.

13.     Defendant NOORULLAH KATOR, also known as MIKE KATOR, (hereinafter "Defendant" or "Kator") was during the relevant time period the Chief Operating Officer, Chief Executive Office, Secretary, and Chief Financial Officer of Guard Now.

14.     Kator during the relevant time period had operational control over GuardNow.

15.     Kator during the relevant time period had a supervisory role at GuardNow.

16.     Kator during the relevant time period supervised GuardNow employees.

17.     As the Chief Operating Officer, Chief Executive Office, Secretary, and Chief Financial Officer of Guard Now, Kator had significant ownership interest in GuardNow.

18.     As the Chief Operating Officer, Chief Executive Office, Secretary, and Chief Financial Officer of Guard Now, Kator not only supervised and controlled employee work schedules and conditions of employment. but Kator was also responsible for paying employees and any failure to pay was directly due to his actions.

19.     As a result of being solely responsible for paying employees and any failure to pay is directly due to his actions, Kator had personal responsibility for the decision that lead to employees being unlawfully deprived of minimum wages, overtime pay, and unpaid wages.

20.     As the Chief Operating Officer, Chief Executive Office, Secretary, and Chief Financial Officer of GuardNow, Kator had control of significant aspects of GuardNow's day to day operations, including compensation of the employees.

21.     Kator acted directly or indirectly in the interest of himself and/or GuardNow in relation to Plaintiff.

22.     Kator had substantial control related to GuardNow's FLSA obligations and played a substantial role in causing the FLSA violation against Plaintiff.

23.     Kator is/was during the relevant time period the majority shareholder of GuardNow.

24.     Kator is/was during the relevant time period receiving distributions of GuardNow's profits according to his percentage ownership of Guard Now.

25.     Kator is/was during the relevant time period the final decision maker regarding employment related polices, including compensation for all GuardNow employees.

26.     Kator implemented all or the majority of employment related policies for all GuardNow employees.

27.     Kator directly supervises and instructs all Plaintiff and all other similarly situated on how to run the day to day work of the Security Officers, therefore, Kator directs the day to day work of the Security Officers.

28.     Kator creates and implements all decisions regarding compensation of the Security Officers.

29.     Kator instructed and enforced all employment or compensation related policies he created for the Security Officers.

30.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under California Code of Civil Procedure §474.  Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

## III.

## PLAINTIFF'S CLAIMS

31.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Orders 4 and 5 ("Wage Order"), codified at California Code of Regulations title 8, sections 11040 and 11050 and all applicable wage orders, Defendants are employers of Plaintiff within the meaning of the applicable Wage Order and applicable California Labor Code sections.  Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the California Labor Code.

32.    An employer or individual who willfully misclassifies its employees as independent contractors is liable for civil penalties for each misclassification violation.

33.    Defendants controlled the wages, hours, and working conditions of Plaintiff and similarly situated employees, suffered and permitted them to work in a manner proscribed by the applicable wage orders, in addition to retaining the right to and exercising control over all aspects of Plaintiff's work and performance of his duties as thoroughly described in this complaint.

34.     Accordingly, Plaintiffs and similarly situated co-workers. should have been classified as employees.

35.     **Failure to pay wages for all hours worked at the legal overtime wage:** Defendants employed many of their employees, including Plaintiff, as non-exempt employees and/or as purported independent contractors. In California, an employer is required to pay one and a half times the regular hourly rate of non-exempt employees for all overtime hours worked, which includes all time that an employee is under control of the employer and all time the employee is suffered and permitted to work.  This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

36.     California Labor Code sections 510, 558, and 1194 requires an employee to be paid at a rate of one and half times the normal hourly rate for all hours in excess of eight hours worked on a daily basis, and for all hours worked in excess of forty in a week.  Moreover, for all hours worked in excess of twelve hours in one day, an employee is to be paid double the normal rate.  In addition, for work on the seventh day, an employee is further to be paid only at overtime rates.

37.     Despite the fact that California law requires employers to pay employees overtime rates, Defendants suffered, permitted and required hourly employees to be subject to Defendants' control without paying appropriate wages

for that time.  This resulted in hourly employees working time for which they were not properly compensated any overtime wages, in violation of the California Labor Code and the corresponding Wage Orders.

38.    **Failure to pay hourly employees wages to compensate them for workdays in which Defendants failed to provide required meal periods:** Defendants often employed hourly employees, including the named Plaintiff and all others similarly-situated, for shifts longer than 10 hours in length.

39.    California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-rninutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities prior to the employee's sixth hour of work.  Cal. Lab. Code§§ 226.7, 512; Wage Order §11.

40.    An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second such meal period of not less than 30 minutes prior to the start of the eleventh hour of work.  If the employee is not relieved of all duty during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when: (1) the nature of the work prevents an employee from being relieved of all duty; and (2) the parties have a written agreement agreeing to on duty meal periods.

41.    If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee still is subject to the employer's control and the meal period is counted as time worked.

42.    If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for each work day that a legally required meal period was not provided or was not duty-free.

43.    Plaintiff and similarly situated employees would work on workdays in shifts long enough to entitle them to both first and second meal periods under California law.  Despite the fact that California law requires employers to provide employees with a duty-free meal period when an employee's work shift is a minimum of five hours, Defendants employed a policy and procedure that did not provide for a full 30-minute meal period for each five hours of work.  Defendants did not pay any meal period premiums for denial of the meal breaks.  Indeed, Defendants did not properly obtain an on-duty meal period as required by law.

44.    Plaintiff and similarly situated employees also would work on workdays in shifts long enough to entitle them to second meal periods under California law.  Defendants employed a policy and procedure that did not provide at all for a second 30-minute meal period.  For their second meal break,

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

Defendants would be required to relieve Plaintiff and similarly situated members of all duty for thirty minutes-which they didn't-entitling Plaintiff and similarly situated members to further penalties.

45.    Defendants failed to pay premium wages to Plaintiff and similarly situated employees to compensate them for each workday the employees did not receive all legally required duty-free meal periods.  Defendants employed policies and procedures which ensured employees did not receive any premium wages to compensate them for the workdays in which they did not receive all legally required meal periods.

46.    This practice resulted in Plaintiff and all other similarly situated employees not receiving premium wages to compensate them for workdays which Defendants did not provide them with either first or second duty free meal periods, or both, in compliance with California law.

47.    **Failure to pay hourly employees wages to compensate them for workdays in which Defendants failed to provide required rest periods:** Defendants often employed hourly employees, including the named Plaintiff and all others similarly-situated, for shifts at least three and one-half (3.5) hours in length.

48.    California law requires an employer to provide an employee a rest period of ten (10) net minutes for every four hours worked, "which insofar as

practicable shall be in the middle of each work period."  Cal. Lab. Code §226.7; Wage Orders 4 and 5.  Thus, employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts between six and ten hours in length, 30 minutes for shifts between 10 and 14 hours in length, and so on.

49.    If the employer fails to provide a required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide all legally required rest periods.

50.    Defendants employed policies and procedures which ensured Plaintiff and similarly situated employees would not receive all legally required rest periods.  Specifically, Defendants did not authorize nor permit and therefore failed to provide rest periods of ten net minutes of which Plaintiff and similarly situated members were free to do whatever they wanted in their discretion.

51.    Defendants also employed policies and procedures which ensured Plaintiff and similarly situated employees did not receive any premium wages to compensate them for workdays that they did not receive all legally required rest periods.

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

52.    These practices resulted in Plaintiff and all other similarly situated employees no receiving wages to compensate them for workdays which Defendants did not provide them with all rest periods required by California law.

53.    **Pay Stub Violations:** California Labor Code section 226(a) provides, inter alia, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, ( 4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

54.    Defendants failed to provide accurate wage and hour statements to Plaintiff and similarly situated employees who were subject to Defendants'

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

control for uncompensated time, and who did not receive the wages they earned (at least overtime wages as well as failure to pay premium wages for missed meal and rest periods).

55.    **Failure to Timely Pay California Employees All Wages On A Bi-Weekly Basis:** An employer is required to pay all unpaid wages on a bi-weekly basis in accordance to California Labor Code Section 204.

56.    Because Defendants failed to pay Plaintiff and other similarly situated employees all their earned wages on a bi-weekly basis, Plaintiff and similarly situated employees are entitled to appropriate penalties.

## IV.

## CLASS ALLEGATIONS

57.    Plaintiff brings this cause of action on behalf of himself and on behalf of all persons similarly situated, ("the class") as alleged herein.  This action is brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382, Federal Rule 23, and other applicable law pertaining to class actions.

58.    The proposed class Plaintiff seeks to represent is presently defined as follows:

> A.    **Overtime Wage Class:** All current and former hourly employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

not paid at least all overtime wages for all time they were subject to Defendants' control and entitled to overtime pursuant to the applicable Wage Orders and the California Labor Code.

B.      **Meal Period Class:** All current and former hourly employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked shifts of at least six hours yet Defendants did not provide required duty-free meal periods of not less than 30 minutes prior to the start of their sixth hour of work, and/or who worked shifts more than ten hours yet Defendants did not provide required duty-free meal periods of not less than 30 minutes prior to the start of their eleventh hour of work.

C.      **Rest Period Class:** All current and former hourly employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked at least three and one-half (3.5) or more hours in day who did not receive required rest periods of ten net minutes rest time for every four hours worked between three and one-half and six hours, six and ten hours, or ten and fourteen hours.

D.      **Wage Statement Class:** All current and former hourly employees employed by Defendants in California at any time within the one year prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

E.      **Waiting Time Class:** All current and former hourly employees employed by Defendants in California at any time within the three years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who did not receive payment of all their wages on a timely bi-weekly basis within the statutory time period.

F.      **California Class:** All aforementioned classes are here collectively referred to as the "California Class."

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

59.    Plaintiff is a member of each proposed class.

60.    There is a well-defined community of interest in the litigation and the class is ascertainable.

A.    **Numerosity**: The class is so numerous that individual joinder of all members is impractical under the circumstances of this case.

B.    **Common Questions Predominate**:  Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

i.  What were and are the policies, programs, practices, procedures and protocols of Defendants regarding class members' actual work and tasks, and their job duties irrespective of job titles;

ii.  Whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to the class members pursuant to Labor Code Section 510, and Wage Order, No. 4-2001, for the period commencing four years prior to the date of the filing of this complaint and continuing through the date of judgment;

iii.  Whether Defendants' policy and practice of classifying class members as exempt from overtime entitlement under California law

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

and Defendants' policy and practice of failing to pay overtime to the California class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

iv.   Whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, the applicable Cal. Wage Orders;

v.   Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for class members;

vi.   What were and are the policies, programs, practices, procedures and protocols of Defendants regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

vii.  Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

viii.  Whether Defendants violated Business & Professions Code sections 17200 *et seq.* by their policies, programs, practices, procedures and conduct referred to in this cause of action;

ix.  Whether Defendants obtained voluntarily waivers with consent and full disclosure, and whether a written signed waiver is effective as to all future meal and rest periods;

x.  The proper *measure of* damages sustained and the proper measure of restitution recoverable by members of the California class; and,

xi.  Additional common questions of law and fact may develop as the litigation progresses.

C.  **Typicality**: Plaintiff's claims are typical of the claims of the class. Plaintiff and other class members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to class members as well as Plaintiff. Plaintiff seeks recoveries for the same types of losses, injuries, and damages as were suffered by the other class members as well as Plaintiff.

D.  **Adequacy**: Plaintiff and his counsel will fairly and adequately protect the interests of the class.  Plaintiff has no interest that is adverse to the interests of the other class members.

E.    **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action.  Individual litigation and claims would also present the potential for inconsistent or contradictory results.

F.    **Public Policy Considerations**: Defendants and other employers throughout the state violate wage and hour laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are often fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment.

Class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## V.

## CAUSES OF ACTION

### First Cause of Action

### Violation of California Labor Code §§ 1182.12, 1194, 1197 and 1197.1 (Unpaid Minimum Wages)

61.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

62.    Plaintiff and class members were not paid minimum wage for all hours worked.

63.    Labor Code Section 1194 provides in pertinent part: "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

64.    Labor Code Section 1197 provides that the "minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

65.     Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1 and the applicable Wage Order, Wage Order No. 9, by willfully failing to pay all minimum wages due to Plaintiff and the class members.

66.     Plaintiff and the class members seek all actual, consequential and incidental losses and damages, including, unpaid minimum wages, interest thereon, attorneys' fees, and costs.

67.     In addition to the above- amounts, Plaintiff and the class he seeks to represent will seek to recover one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid for any initial violation that is intentionally committed, and two hundred fifty dollars ($250) for each subsequent violation for the same specific offense, for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

## **Second Cause of Action**

### **Failure to Reimburse**
### **(Labor Code §§ 2802)**

68.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

69.     Labor Code section 2802(a) provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

70.    Throughout the class period, Plaintiff and all other class members incurred necessary expenditures in direct consequence of their duties as Defendants' employees and/or their obedience to Defendants' directions, for which they received no reimbursement, including, but not limited to, gas, mileage and maintenance.

71.    Labor Code section 2802(b) provides for interest on all awards made by a court from the date upon which the employee incurred the necessary expenditure or loss.

72.    Labor Code section 2802(c) provides that "necessary expenditures or losses" includes all reasonable costs including attorney's fees incurred by the employee to enforce the rights afforded under this provision.

73.    Defendants fails to reimburse employees for expenses they paid, including, gas, mileage and vehicle maintenance, that should have been borne by their employer, which constitutes a violation of California Labor Code Section 2802.

74.    In failing to reimburse Plaintiff and class members for expenses paid, Defendants acted maliciously, oppressively, and despicably, with the wrongful intention of causing injury and hardship to Plaintiff and class members

by reaping economic gain at Plaintiff and the class members' expense, in willful and conscious disregard of Plaintiff and class members' statutory and regulatory rights.

75.     Plaintiff and the class members are entitled to recover an award from Defendants of the full amount of all unreimbursed necessary expenditures, plus interest and reasonable attorneys' fees.

### Third Cause of Action

**Failure to Pay Wages at Overtime Rate**
**(Labor Code §§ 510, 1194, 1198 and 1199, IWC Wage Orders, and Related Violations)**

76.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

77.     Throughout the period applicable to this cause of action, Plaintiff and the class members worked in excess of forty (40) hours per week and/or in excess of excess of eight (8) hours per day.

78.     Throughout the period applicable to this cause of action, Defendants did not pay Plaintiff or class members at the required overtime rates for the work described in the preceding paragraphs.

79.     Labor Code Section 1194(a) provides in pertinent part: "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney s fees, and costs of suit." Plaintiff and the class members were denied the legal minimum wage and the legal overtime compensation as detailed herein. Pursuant to California Labor Code section 1194, Plaintiff and the class members are entitled to recover unpaid overtime compensation, and other unpaid wages, plus interest, plus attorneys' fees and costs.

80. Wage Order No. 9 provide that employees in California shall not be employed more than 8 hours in a day and/or 40 hours in a week, unless they received additional compensation beyond their regular rate of pay in amounts set by law.

81. Plaintiff and the class members worked in excess of 8 hours a day and/or 40 hours a week as employees for Defendants.

82. Defendants failed to pay Plaintiff and the other class members, premium overtime compensation for the hours they worked in excess of the maximum hours permissible by law (Labor Code §1198).

83. As a direct and proximate result of Defendants' unlawful conduct and failure to pay premium overtime compensation, as set forth herein, Plaintiff and the class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established

at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

84.    Pursuant to Labor Code Section 1199, "Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission. (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission."  Defendants violated section 1119 as described herein.

## Fourth Cause of Action

### Failure to Provide Meal Periods
### (Labor Code §§ 226.7 and 512)

85.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

86.    Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Order No. 9 at section (11), provided as follows:

26

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

87.    Labor Code Section 512 states that an "employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" if and when such employees work more than 5 hours in any given workday.  Labor Code Section 512 further requires two 30 -minute duty-free meal periods when an employee works more than 10 hours in any given workday.

88.    Labor Code section 226.7 requires payment of one (1) hour of pay in lieu of each meal periods not provided by the employer.

89.    Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide one or more duty-free 30-minute meal periods in violation of Labor Code section 510 and Wage Order No. 9, as required by California law.

90.    By virtue of this unlawful conduct, Plaintiff and the class members are entitled to compensation as stated above, plus interest, attorneys' fees, costs and other applicable relief.

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

91.    Throughout the period applicable to this cause of action, Defendants required Plaintiff and the class members to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.  Therefore, Plaintiff and the class members are entitled to be paid as stated in Labor Code section 226.7, plus interest, attorneys' fees, costs and other applicable relief.

92.    On information and belief, Plaintiff alleges that the class members did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through meal periods.  Defendants failed to meet the requirements for lawful on-duty meal periods and/or instituted a course of conduct that created a working environment in which employees were incapable of taking rest and/or meal periods.

93.    Plaintiff and the class he seeks to represent request relief as described herein.

## Fifth Cause of Action

### Failure to Provide Rest Periods
### (Labor Code § 226.7)

94.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

95.    Wage Order No. 9, Section 12, requires each employer to provide each of its employees with at least one rest period of 10-minutes rest time for

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

each 4 hours, or major fraction thereof, that each such employee works during each workday.

96.    Labor Code Section 226.7 provides that if an employer fails to provide an employee with a rest period in accordance with Wage Order No. 9, the employer must pay such employee(s) one additional hour of pay at the employee's regular rate of pay for each day that such a rest period was not provided.

97.    By their failure to provide rest periods for every four (4) hours or major fraction thereof worked per workday by non-exempt employees, and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Orders at section (12).

98.    By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiff and class members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff and members of the Plaintiff class.  On information and belief, Plaintiff alleges that Defendants' failure to maintain accurate records was willful.

99.    As a result of the unlawful acts of Defendants, Plaintiff and the class members he seeks to represent have been deprived of premium wages in amounts

to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under the Labor Code and the applicable IWC Wage Orders.

## Sixth Cause of Action

**Violations of the Fair Labor Standards Act
("FLSA," 29 U.S.C. 201, *et seq*.)**

100.   At all times relevant herein, Named Plaintiff and the collective class members are/were employed with Defendants as "employees" within the meaning of the Fair Labor Standards Act (hereinafter "FLSA.").

101.   Plaintiff is informed and believes, and thereon alleges, that Defendants have required collective class members, as part of their employment, to work without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a).  That section provides the following: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

102.   Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.  Plaintiff is informed and believes, and thereon alleges, that Defendants have required, or require collective class members, as part of

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

their employment, to work without additional compensation, such as overtime

pay, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).

That section provides the following: "Except as otherwise provided in this

section, no employer shall employ any of his employees for a workweek longer

than forty hours unless such employee receives compensation for his employment

in excess of the hours above specified at a rate which is not less than one and one-

half times the regular rate at which he is employed."

103.   Plaintiff is informed and believes, and based hereon, alleges that

Defendants have required and/or require the collective class members, as part of

their employment, to work without compensation for all hours worked, to work

beyond forty hours per week without the payment of overtime compensation,

and/or to work at a wage less than the minimum wage, pursuant to, *inter alia*, 29

U.S.C. §§ 206 and 207(a)(1).

104.   The FLSA claims are brought not only for alleged overtime

violations, but also for alleged off-the-clock and minimum wage violations as

well.  Indeed, in the performance of their duties for Defendants, Plaintiff and

collective class members did work over forty hours per week, yet did not receive

straight or overtime compensation for the work, labor and services they provided

to Defendants, as required by the FLSA.  The precise number of unpaid overtime

hours will be proven at trial.

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

105.    Defendants' violations of the FLSA were willful and are ongoing.

106.    Plaintiff proposes to undertake appropriate proceedings to have the collective class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and given the opportunity to join this action as Plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents / joinders with the Court.  Attached hereto as Exhibit 1 is Plaintiff's consent to join.

107.    As a result of Defendants' unlawful conduct, Plaintiff and the collective class members have suffered damages as set forth herein.

108.    As a result of the foregoing, Plaintiff seeks judgment against Defendants on his own behalf, and on behalf of those collective class members similarly situated who file written consents to join in this action, for all unpaid wages, including overtime wages owed by Defendants to Plaintiff and the collective class members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia*, 29 U.S.C. § 216(b).

## Seventh Cause of Action

### Violation of Labor Code Sections 201- 203

109.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

110.   Plaintiff and many of the other class members quit or were discharged from their employment within the statute of limitations period applicable to this cause of action.

111.   Defendants failed to pay said employees, without abatement, all wages (as defined by applicable California law) within the time required by applicable California law.  Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

112.   As of the filing of the Complaint, Defendants failed to timely pay wages due, and Plaintiff and class members are owed penalties pursuant to Labor Code sections 201, 202, 203.

113.   Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each employee is entitled to thirty days' wages.

## **Eight Cause of Action**

### **Failure to Furnish Accurate Wage Statements**
### **(Labor Code §§ 226(b), 1174, 1175)**

114.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

115.    Labor Code section 1174(d) requires that every employee maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate aid to, employees employed" in California.

116.    Wage Order No. 9, Section 7 requires every employer in California to "keep accurate information with respect to each employee including"… "[t]ime records showing when the employee begins and ends each work period.  Meal periods, split shift intervals and total daily hours worked shall also be recorded."

117.    Plaintiff is informed and believes and upon that basis alleges, that Defendants has failed to maintain accurate records in compliance with Labor Code section 1174 and/or Wage Order No. 9 for Plaintiff and the class.  Pursuant to Labor Code Section 1174.5, Plaintiff and the class are entitled to each collect a civil penalty from Defendants in the amount of $500.

118.    Labor Code section 226 requires each employer to furnish accurate itemized wage statements at the time of payment reflecting (1) the gross wages earned, (2) the total hours worked, except for those whose compensation is based

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

solely on a salary and who is exempt, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the dates of the period for which the employee is paid, (7) the name of the employee and last four digits of the employee's social security number or identification number, (8) the name and address of the legal entity that is the employer , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee beginning July 1, 2013.

119.   Throughout the period applicable to this cause of action, Defendants intentionally failed to furnish to Plaintiff and the class members, upon each payment of wages, itemized statements accurately showing, among other matters: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

120.   Plaintiff and the class members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, even though they were so entitled, and because the failures hindered them from determining the amounts of overtime wages owed to them.

121.   Plaintiff and the class members are entitled to the amounts provided for in Labor Code section 226(e), which provides for each employee to recover

from Defendants fifty dollars ($50) for the initial pay period in which a violation occurred, and one-hundred dollars ($100) per class member for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per class member.

122.   Plaintiff and the class members are entitled to an award of attorney fees plus costs.

### Ninth Cause of Action

### Violation of Unfair Competition Law
### (Bus. and Prof. Code § 17200 *et seq.*)

123.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

124.   Plaintiff brings this action on behalf of himself and each and all members of the general public, including the class, pursuant to Business and Professions Code sections 17200 *et seq.* Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 *et seq.* Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia,* each of the following laws, Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802, and applicable Wage Orders, including Wage Order No. 9.

125.   Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.  The harm to Plaintiff and the class members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

126.   The unlawful and unfair business practices and acts of Defendants, and each of them, described above, have injured the class members in that they were wrongfully denied the payment of earned overtime wages.

127.   Plaintiff, on behalf of himself and the class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

128.   Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of limitations period covered by this cause of action, Plaintiff and

the class members are entitled to restitution for each of the following: the unpaid wages for regular hours worked, unpaid overtime earnings, and other unpaid earnings withheld and retained by Defendants referred to above.

129.   Plaintiff, the class members, and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

130.   Defendants are also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs.  The Plaintiff, on behalf of himself and all class members, also seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

## **Tenth Cause of Action**

### **Violation of Labor Code Section 2699 (PAGA)**

131.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

132.   As a result of the acts alleged above, Plaintiff and the class he seeks to represent seek penalties under Labor Code §§201-203, 212, 226, 226.7, 510, 1182.12, 1194, 1197, and 1197.1.

133.   For each such violation, Plaintiff and the class he seeks to represent are entitled to penalties in an amount to be shown at the time of trial subject to the

following formula: $100 for the initial violation per employee per pay period, and $200 for each subsequent violation per employee per pay period.

134.   These penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employees.

135.   Plaintiff Stopani filed a PAGA complaint online with the LDWA on or about January 23, 2018, and served Defendants by certified mail as prescribed by the Labor Code.

136.   Plaintiff and the class he seeks to represent seek penalties as the LDWA is not investigating pursuant to Labor Code §2699.3(a)(2)(A).

137.   WHEREFORE, Plaintiff and the class he seeks to represent request relief as described herein and below and as deemed just.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all members of the class, pray for relief as follows:

1.      That the Court determine that this action may be maintained as a class action;

2.      That Plaintiff be appointed the representative of the proposed class;

3.      That the attorneys of record for Plaintiff whose names appear in this Complaint be appointed class counsel;

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

4.      For civil penalties pursuant to Labor Code Sections 226(e), 226.8(b) and (c), 1174.5, 1197.1

5.      For compensatory damages representing the amount of unpaid wages owed to Plaintiff and the class members;

6.      For compensatory damages, representing the amount of unpaid overtime compensation owed to Plaintiff and all others similarly situated;

7.      For compensatory damages pursuant to Labor Code Section 226.7 for missed meal and rest breaks;

8.      For compensatory damages pursuant to Labor Code Section 2802;

9.      For reasonable attorneys' fees and costs pursuant to Labor Code Sections 1194, 2802(c), 226(e);

10.     For such general and special damages as may be appropriate;

11.     For liquidated damages as authorized pursuant to Labor Code Sections 1194.2,

12.     For waiting time penalties and civil penalties for all class members no longer in Defendants' employ at the time of Judgment;

13.     For pre-judgment interest;

14.     For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT

15.     For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

16.     A declaratory judgment that the practices complained of herein are unlawful under California state law;

17.     Attorney's fees and costs of suit, including expert fees pursuant to California Labor Code §§218.5, 1194, and Calif. Code Civ. Proc. §1021.5; and

18.     Such other injunctive and equitable relief as the Court may deem proper.

**DATED:** April 28, 2018                    **NUNES WORKER RIGHTS LAW, APC**

By:  Anthony J. Nunes, Esq.
Attorneys for Plaintiff, ANTONIO STOPANI, on behalf of himself and all others similarly situated

STOPANI ET AL. v. GUARDNOW, INC. - COMPLAINT